UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE W. LYONS, JR., ET AL.,<br><br>    Plaintiffs,<br><br>V.<br><br>BILCO COMPANY,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:  CASE NO. 3:01CV1106(RNC)<br>:<br>:<br>:<br>: |

<u>PRETRIAL ORDER</u>

It is hereby ordered:

1.  A final pretrial conference will be held in the chambers of the undersigned, A.A. Ribicoff Federal Building, 450 Main Street, Hartford, CT. on **July 1, 2004, at 10:00 a.m**.  The lawyers who will try the case must attend the conference.

2.  Trial will commence with jury selection on **July 13, 2004, at 9:00 a.m.**

3.  Presentation of evidence will begin as soon as possible following jury selection.  Other cases are set for jury selection on the same day as this one.  Consequently, presentation of evidence in this case might be delayed.

4.  On or before **June 21, 2004**, the parties will jointly prepare and file for approval by the Court a joint trial memorandum. **Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case**. The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), with the following modifications:

    a.  <u>Witnesses</u>:  Set forth the name and address of each

witness to be called at trial.  Provide a summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day).  In addition, for each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

  b. <u>Exhibits</u>:  The parties will prepare the list of exhibits required by the Standing Order.  The list must specifically identify each exhibit by providing a brief description of the exhibit.  The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1.  If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived.  Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk.  The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference.  Counsel will retain the original set of exhibits for use at trial.

  c. <u>Jury Instructions</u>: The parties will meet and confer for the purpose of preparing and filing agreed upon jury instructions regarding the elements of the parties' claims and defenses (instructions on other matters may be proposed but are not required).  The proposed instructions will be submitted as an

attachment to the joint trial memorandum.  If the parties cannot agree as to the appropriateness of a particular instruction, each party must submit a proposed instruction supported by a brief explanation of its position, including a citation to applicable authority.  Counsel are requested to submit the proposed instructions on disc to facilitate preparation of a final document by the Court.

        d.   <u>Anticipated Evidentiary Problems</u>:  The parties will attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

        e.   <u>Verdict Form</u>:  In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury.  The form may require the jury to return a special verdict with special findings as permitted by Rule 49(a) or a general verdict with or without written interrogatories as permitted by Rule 49(b).  If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.

    4.   The dates set forth in this order will not be extended except in unusual circumstances pursuant to a written motion demonstrating good cause filed not later than <u>five</u> days before the date in question.

    So ordered.

    Dated at Hartford, Connecticut this     day of May 2004.


                                      _____/s/RNC_____
                                        Robert N. Chatigny
                                    United States District Judge