UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| George W. Lyons, Jr., Alicia L. Sturgess, | : | |
| Mark C. Lyons, Chad M. Lyons, | : | Civil Action No: |
| Daria L. O'Connor, Kent C. Lyons, | : | 3:01 CV1106 (RNC) |
| M. Natica Lyons, M. Elizabeth L. Powers, | : | |
| William C. Lyons, Jr., Timothy P. Lyons, | : | |
| Mark C. Lyons, Trustee of the | : | |
| George W. Lyons, Jr. Family Trust | : | |
| | : | |
| v. | : | |
| | : | |
| The Bilco Company | : | JUNE 21, 2004 |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL TESTIMONY
RELATED TO U.S. PATENT # 5,960,596**

Pursuant to Federal Rules of Evidence 104 and 402, Federal Rule of Civil Procedure 16(c)(4), and this Court's Pretrial Order, Defendant The Bilco Company ("Bilco") hereby moves to exclude all testimony at the trial of this case related to U.S. Patent # 5,960,596, since the '596 Patent is not relevant to Plaintiffs' allegations and any testimony pertaining to the '596 Patent is likely to confuse the jury. As discussed below, the '596 Patent is not relevant to Plaintiffs' claims because Plaintiffs have conceded that the '596 Patent did not cause Plaintiffs any harm or have any effect upon Bilco's obligations under the Patent Pool Agreement ("PPA").

Bilco manufactures a roofing mechanism under the tradename Posiflash. Since 2000, that roofing mechanism has been manufactured in two different configurations. The first configuration (referred to herein as "Roofing Mechanism #1"), used the technology described in two U. S. Patents: 1) U.S. Patent # 4,941,300, the George Lyons, Jr. Bilclip Patent issued in 1991 (the '300 Patent) (Ex. 1); and 2) U.S. Patent # 5,960,596, the patent Robert Lyons, Sr. applied for in 1998 (the '596 Patent) (Ex. 2) and that was issued in 1999, as alleged in Plaintiffs' Complaint. Complaint, ¶ 13m.

The '300 Patent was a patent included in the Patent Pool.[1] Accordingly, so long as the '300 Patent was incorporated into Bilco's products, such as Roofing Mechanism #1, Bilco owed Plaintiff George Lyons, Jr. a royalty on a percentage of its sales. The key feature of the '300 Patent that triggered Bilco's royalty obligation was a resilient filler material, called "Pak-Rope."

The '596 Patent was an improvement patent that changed certain features of the '300 Patent but retained the use of the Pak-Rope. Thus, for a period of time, the '596 Patent and the '300 Patent were employed in Bilco's Roofing Mechanism #1 together. Because the '596 Patent did not replace the '300 Patent, however, the '596 Patent did not reduce or eliminate

---

[1] The '596 Patent was never included in the Patent Pool.

Bilco's obligation to may royalty payments to George Lyons, Jr. Plaintiffs' Local Rule 9(c)(2) Statement, ¶¶ 81, 82 ("R9(c)(2), ¶ __").[2]

During 2000, following the June 21, 1999 Settlement and Reorganization Agreement (the "1999 Agreement") Bilco learned that the Pak-Rope described in the George Lyons, Jr. '300 Patent was no longer necessary for the operation of Roofing Mechanism #1. Depos. Roger Joyce, 11/28/01, at 12-13 (Ex. 3). Accordingly, in 2000, Bilco began to manufacture Roofing Mechanism #2. This new mechanism did not use the technology that was protected by either the '300 Patent or the '596 Patent. Depos. Roger Joyce, 11/28/01, at 12-13 (Ex. 3). Both of those patents contained claims that required the use of the Pak-Rope. Roofing Mechanism #2 did not use the Pak-Rope.

Plaintiffs contend that Bilco's failure to disclose the '596 Patent application prior to the 1999 Agreement caused them harm by suppressing the value of their Bilco shares. Plaintiffs allege that the '596 Patent contained revisions that were "trivial, unnecessary," and meaningless and "were implemented by Bilco for the sole purpose of avoiding its patent pool payment obligations." Complaint, ¶ 32. Plaintiffs allege that the '596 Patent was "designed and intended to replace" the '300 Patent. Complaint, ¶ 13m. They allege that Bilco knew the

---

[2] Bilco will reproduce Plaintiffs' Local Rule 9(c)(2) Statement upon request.

issuance of the '596 Patent would eliminate the royalty obligation on Roofing Mechanism #1, thereby increasing the value of Bilco.  Complaint, ¶ 13p.

    Plaintiffs, however, have conceded all of the following facts:

(1) The issuance of the '596 Patent did not reduce Bilco's liability to the Patent Pool by any amount.  R9(c)(2), ¶ 81.

(2) Bilco's use of the technology described in the '596 Patent did not reduce Bilco's liability to the Patent Pool by any amount.  R9(c)(2), ¶ 82.

(3) After the issuance of the '596 Patent, Bilco was required to pay to the Patent Pool royalties on the '300 Patent that was issued to Plaintiff George Lyons, Jr. in 1991.  R9(c)(2), ¶ 84.

(4) After the issuance of the '596 Patent, Bilco paid to the Patent Pool royalties on the '300 Patent that was issued to Plaintiff George Lyons, Jr. in 1991.  R9(c)(2), ¶ 85.

(5) After the issuance of the '596 Patent, Bilco was required to pay to the Patent Pool royalties on all products for which it paid royalties prior to the 1999 Agreement.  R9(c)(2), ¶ 88.

Plaintiffs, therefore, have conceded every material issue related to their claims involving the '596 Patent.  They have admitted that they were not injured by the '596 Patent.  Therefore, any evidence related to the '596 Patent, including, but not limited to, the timing of its application, its technology, its use in Bilco products, and its effect upon the Patent Pool, has no relevancy to Plaintiffs' claims.  If Plaintiffs are permitted to present evidence related to the '596 Patent at trial, such evidence would have no bearing upon their claims and would

serve merely to confuse the jury. Accordingly, all testimony and evidence related to the '596 Patent should be excluded.

          **DEFENDANT**
          **THE BILCO COMPANY**

By   /s/ Peter K. Rydel
      Peter K. Rydel
      Fed. I.D. # ct24793
      Reid and Riege, P.C.
      One Financial Plaza
      Hartford, CT 06103
      Tel: (860) 278-1150
      Fax: (860) 240-1002
      Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June 2004, a copy of the foregoing was sent by electronic mail and by first class mail, postage prepaid, to the following:

*Attorney for Plaintiffs*
Robert A. Harris, Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport CT 06604

          /s/ Peter K. Rydel
          Peter K. Rydel