# TAB 4

Tab 4 -- Plaintiffs' Proposed Jury Instructions

I.    **First Count**: Federal Securities Fraud

    *A. Elements*

The Plaintiffs claim that the Defendant Bilco committed securities fraud in violation of 15 U.S.C § 78j. For the Plaintiffs to prevail, you must find each of the following by a preponderance of the evidence:

    1. **In connection with the purchase or sale of securities, the Defendant made misrepresentations or omitted facts.** A misrepresentation is a statement that is not true. An omission is a failure to disclose a material fact that needed to be disclosed in order to prevent a misimpression.

    There is no dispute that the Plaintiffs' sale of their stock in The Bilco Company, and their acquisition of stock in Fairfax Properties, Inc. involved the sale and purchase of securities. Thus, if you find that the Defendant made misrepresentations or omitted facts in connection with the Plaintiffs' sale of their stock in The Bilco Company and/or their acquisition of stock in Fairfax Properties, Inc., these misrepresentations and/or omissions were made in connection with the purchase or sale of securities.

    2. **The misrepresentations or omissions made by the Defendants were material.** A misrepresentation or omission is material if there is a substantial likelihood that a reasonable investor would consider it important in deciding whether to purchase or sell a security. *TSC Industries., v. Northway, Inc.* 426 U.S. 438, 449 (1976); *Koppel v. 4987 Corp.*, 167 F.3d 125, 131 (2nd Cir. 1999). Material facts include not only information disclosing the earnings and distributions of a company, but also, those facts which affect the probable future of the company. *S.E.C v. Texas Gulf Sulphur Co.*, 401 F.2d 833.

    3. **The Defendant acted with scienter.** "Scienter" is a mental state

embracing intent to deceive, manipulate, or defraud. *In re Crystal Brands Securities Litigation*, 862 F. Supp. 745 (D. Conn. 1994). The Defendant acted with scienter if the Defendant made untrue statements while knowing that the statements were false or omitted material information while knowing that the omission was creating a misimpression.

4. **The Plaintiffs justifiably relied upon the Defendant's misrepresentations or omissions in the buying of securities.** If you find that Bilco's misrepresentations or omissions had an effect upon the Plaintiffs' decision to buy securities, then there was reliance. In considering whether the Plaintiffs "justifiably" relied on the Defendant's alleged misrepresentations, you may consider the presence or absence of the following relevant factors: *Brown v. E.F. Hutton*, 991 F.2d 1020, 1032 (C.A.2 N.Y., 1993).

1. The sophistication and expertise of the Plaintiffs in financial and securities matters.
2. The existence of long-standing business and personal relationships.
3. The Plaintiffs' access to the relevant information.
4. The Defendant's concealment of the fraud.
5. The Plaintiffs' opportunity to detect the fraud.
6. The nature of the fraud.

The standard of proof for the element of reliance is different for misrepresentations and omissions. For misrepresentations, justifiable reliance must be proved by a preponderance of the evidence. However, for omissions of material facts, the element of reliance may be presumed so long as a material omission is proved. In other words, the law assumes that the Plaintiff would have relied on the facts that are shown to be material and intentionally withheld. *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972).

There is evidence that the Plaintiffs signed agreements in which they disclaimed reliance on statements made by Bilco or its agents. However, the fact that Plaintiffs signed such agreements does not bar them from claiming fraud based on concealment and omission of material facts. *Heartland Financial USA,*

*Inc. v. Financial Institutions Capital Appreciation Partners I, L.P.*, 2002 WL 3189008 (N.D. Ill. 2002). It is for you, the jury, to decide if the Plaintiffs justifiably relied to their detriment on material omissions knowingly made by Bilco.

5. **The Plaintiffs suffered damages as a result of the Defendant's misrepresentations or omissions.** If you find that the Plaintiffs incurred a financial loss because of the Defendant's misrepresentations or omissions, then the Plaintiffs have "suffered damages."

### B. Statute of Limitations

The Plaintiffs were required to file this action "within one year after the discovery of the facts constituting the violation and no later than three years after the violation." 15 U.S.C. § 78i(e). Plaintiffs commenced this suit on June 15, 2001, which was less than three years after the June 21, 1999 date on which Plaintiffs sold their shares of Bilco stock and acquired shares in Fairfax Properties, Inc. You must decide whether the Plaintiffs discovered the facts constituting the claimed securities fraud more than one year prior to the date on which they commenced this lawsuit, i.e. prior to June 15, 2000. This one year period begins to run when the Plaintiffs obtained actual knowledge of the facts giving rise to the action or notice of the facts, which in the exercise of reasonable diligence, would have led to actual knowledge. *LC Capital Partners v. Frontier Ins. Group*, 318 F.3d 148, 154 (2nd Cir. 2003). If you find that the Plaintiffs did not have actual knowledge or notice of the facts which could have led to actual knowledge of Bilco's plan to reduce the royalties of the patent pool prior to June 15, 2000, then you must find that the statute of limitations does not bar this action.

### C. Remedies

<u>Money Damages</u>: If you find for the Plaintiffs on their first claim, then they are entitled to actual damages which is the difference between the price at which

they sold their Bilco stock and the value of the stock at the date of the sale. *Sarlie v. E.L. Bruce Co.*, 265 F.Supp. 371 (S.D.N.Y. 1967).

## II. Second Count: State Securities Fraud

### A. Elements

The Plaintiffs claim that the Defendant committed securities fraud in violation of Connecticut General Statutes §36b-29. In order for the Plaintiffs to prevail on this claim, you must find each of the following by a preponderance of the evidence:

*Conn. Nat'l Bank v. Giacomi*, 242 Conn. 17(1997).

1. The Defendant offered or sold securities by means of either an untrue statement of material fact, or an omission to state a material fact.

2. The Defendant knew or in the exercise or reasonable care should have known about the untruth or omission.

3. The Plaintiffs did not know and, exercising reasonable care, could not have known of the untruth or omission. The Plaintiffs do not have to prove that they actually did not know about the untruth or omission. This element is presumed unless the Defendant is able to show otherwise.

### B. Statute of Limitations

The statute of limitations for this state securities fraud claim is the same as in the federal securities fraud claim Conn. Gen. Stat. §36b-29(f)(2). Thus, if you find that the Plaintiffs did not have actual knowledge or notice of the facts which could have led to actual knowledge of Bilco's plan to reduce the royalties of the patent pool prior to June 15, 2000, then you must find that the statute of limitations does not bar this action.

### C. Remedies

1. <u>Money Damages</u>: If you find for the Plaintiffs on their second claim, then they are entitled to recover the consideration paid for the security, together with

interest at eight percent per year from the date of payment, less the amount of any income received on the security.

"Consideration," as applied here, means the Bilco stock that the Plaintiffs agreed to surrender in exchange for cash and shares in Fairfax. *Parker v. Slosberg,* 73 Conn.App. 254, 263, (2002). In this case, in exchange for their Bilco stock, plaintiffs bargained for cash and shares in Fairfax.

  2. <u>Attorney's Fees</u>- If you find for the Plaintiffs on their second claim, then they are entitled to recover reasonable attorney's fees. Conn. Gen. Stat. §36b-29.

### III.  Third Count: Common Law Fraud

  A. *Elements*

In order to return a verdict in favor of the Plaintiffs for their claim of fraud, you must find the following elements by clear, precise, and unequivocal evidence:

*Leonard v. Commissioner of Revenue Services*, 264 Conn. 286 (2003).

  1. The Defendant made a false misrepresentation.

  2. This misrepresentation was untrue and known to be untrue by the Defendant.

  3. The Defendant made this misrepresentation in order to induce the Plaintiffs to act upon it.

  4. The Plaintiffs relied upon that false representation to their detriment.

  B. *Remedies*

1. <u>Money damages</u>: If you find for the Plaintiffs on their third claim, then they are entitled to recover the difference between the price at which they sold their Bilco shares and the real or actual value of the security at the date of sale. *Morrell v. Wiley*, 119 Conn. 578 (1935).

2. <u>Punitive Damages</u>: If you find for the Plaintiffs on their third claim, they also are entitled to recover punitive damages. Under this third claim, the punitive

damages cannot exceed the amount of the attorneys' fees and litigation expenses incurred by the Plantiffs. *Markey v. Santangelo*, 195 Conn. 76 (1985).

### IV. Fourth Count: Breach of Contract

*A. Elements*

The Plaintiff George W. Lyons, Jr. claims that the Defendant The Bilco Company breached the May 24, 1999 Fifth Supplemental Agreement to Agreement of Sale of Certain Inventions.

Breach of contract can occur in two different ways. First, when a party violates an actual provision of an agreement, it is liable for breach of contract. Second, every contract has an implied covenant of good faith and fair dealing that must be adhered to as well. Good faith and fair dealing means, "an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking means faithful to one's duty or obligation . . . an honest intention not to take an unconscious advantage of another . . . Bad faith is defined as the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties." *Buckman v. People Express, Inc.*, 205 Conn. 166,171 (1987). If a party violates this implied part of the contract, it is just as liable for breach of contract as it would be had it violated an actual provision in the contract.

George W. Lyons, Jr. claims that Bilco breached their contract by violating the implied covenant of good faith and fair dealing therein. For Mr. Lyons to prevail on this claim, you must find that:
*Pine Creek Partners v. Seaman*, 2000 WL 33115338 (Conn.Super.).

1. Mr. Lyons and Bilco were parties to a contract under which Mr. Lyons reasonably expected to receive certain benefits.

2. Bilco engaged in conduct that injured Mr. Lyons' right to receive some or all of those benefits.

3. Bilco acted in bad faith when committing the acts by which it injured Mr. Lyons' right to receive his contractual benefits.

6

You heard evidence alleging that paragraph 2(c) of the contract signed by the parties[1], gave The Bilco Company discretion to modify its products free of royalty obligations. Sometimes, a contract on its face gives a party discretion to make certain decisions, however this discretion is not unlimited. Every party to a contract has an implied obligation to act with good faith. Bilco did not have permission, through the contract, to make minor changes to its products solely because it wanted reduce patent pool payments. Rather, the contract gave Bilco the ability to respond to legitimate market forces unencumbered by royalty obligations for its new products. If Bilco exercised their contractual discretion with bad faith, then it violated the implied covenant of good faith and fair dealing.

Also, a party can not exercise its discretion so as to make a contact illusory. A contract becomes illusory when it gives one party "a right to perform or not as he chooses." *O'Sullivan v. Bergenty*, 214 Conn. 641, 656 (1990) (Shea, J. dissenting). If Bilco exercised its discretion so as to make its obligations illusory, then you may find that it breached its contractual obligations including its duty of good faith and fair dealing.

It is up to you, the jury, to decide:

1. what express and implied obligations Bilco owed Mr. Lyons under the contract;
2. whether Bilco fulfilled these obligations;
3. whether Bilco exercised their discretion in good faith;
4. and whether Bilco acted so as to make its contractual obligations illusory.

If Bilco breached its express contractual obligations, if Bilco breached its duty of good faith and fair dealing, or if Bilco acted so as to make its contractual obligations illusory, then Bilco is liable for breach of contract.

---

[1] Section 2(c) provides in pertinent part that, "[i]n the event that future inventions or product improvements result in products being manufactured by [Bilco] which no longer embody inventions [encompassed by the patent pool], [Bilco] shall have no obligation to make any payments . . . with respect to such products."

### B. Remedies

1. <u>Money Damages</u>: If you find that Bilco breached its implied duty of good faith and fair dealing, then George W. Lyons, Jr. is entitled to recover a money award for his damages. The award should place Mr. Lyons in the same position as he would have been in had the contract been performed. *Gazo v. City of Stamford*, 255 Conn. 245 (2001). Therefore, in this case, the money damages should equal the amount of royalties that Mr. Lyons would have received had the May 24, 1999 Fifth Supplemental Agreement to Agreement of Sale of Certain Inventions, been fully performed.

2. <u>Attorney's Fees</u>: If you find that Bilco breached its contractual obligations to George W. Lyons, Jr., then you may award him reasonable attorneys' fees and other costs of litigation that he has incurred.

## V. **Fifth Count: CUTPA**

### A. Elements

George W. Lyons, Jr. claims that Bilco violated the Connecticut Unfair Trade Practices Act, or Conn. Gen. Stat. §§42-110b, et seq. In order for Mr. Lyons to prevail on this claim, you must find that Bilco engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

There is no dispute that Bilco was engaging in "trade or commerce" when the alleged violation took place. You must determine if Bilco's conduct was unfair *or* deceptive.

Three criteria that you should consider if determining if Bilco's conduct was "unfair" are:

1. Whether the practice, without necessarily having been previously considered unlawful, offended public policy as it has been established by statutes, the common law, or otherwise--in other words, it was within at least the penumbra of some common law, statutory, or other established concept of unfairness;

2. whether it was immoral, unethical, oppressive, or unscrupulous; and

8

3. whether it caused substantial injury to consumers, competitors or other businessperson.

All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. *Hartford Electric Supply Co. v. Allen- Bradley Co.*, 250 Conn. 334, 367-68 (1999).

As you were instructed before, there are two ways to be found in violation of the Connecticut Unfair Trade Practices Act: by acting unfairly *or* by acting deceptively in the conduct of trade or commerce.

A practice is "deceptive" under the Connecticut Unfair trade Practices Act if it involves a materially misleading representation, omission, or other practice that a consumer reasonably interpreted under the circumstances. *Walsh v. Seaboard Sur. Co.*, 94 F.Supp. 2d 205 (D.Conn. 2000).

### B. Remedies

1. <u>Money Damages</u>: If you find that Bilco violated the Connecticut Unfair Trade Practices Act, and you find that George W. Lyons, Jr. suffered an ascertainable loss, then he is entitled to recover actual damages. An ascertainable loss is a deprivation, detriment, or injury that is capable of being discovered, observed or established. If you find that Mr. Lyons received something different from that for which he has bargained, then he has suffered an ascertainable loss and can recover actual damages. *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 619 (1981). In this case, Mr. Lyons' actual damages are the royalty payments that he was deprived of but deserved to receive pursuant to the patent pool agreement.

2. <u>Attorney's Fees</u>- If you find for the Plaintiff on his fifth claim, then he is entitled to recover reasonable attorney's fees. Conn. Gen. Stat. §42-110g.