UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| George W. Lyons, Jr., Alicia L. Sturgess, Mark C. Lyons, Chad M. Lyons, Daria L. O'Connor, Kent C. Lyons, M. Natica Lyons, M. Elizabeth L. Powers, William C. Lyons, Jr., Timothy P. Lyons, Mark C. Lyons, Trustee of the George W. Lyons, Jr. Family Trust<br><br>v.<br><br>The Bilco Company | : <br>: Civil Action No: 3:01 CV1106 (RNC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: July 7, 2004 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF
PLAINTIFFS' EXPERT WITNESS JOSHUA TEPLITZKY, JD, CPA

Defendant moves to exclude the testimony of plaintiffs' expert, Joshua Teplitky, as to plaintiffs' alleged fraud damages (First, Second and Third Counts), for the asserted reason that "such testimony is beyond the scope of Mr. Teplitzky's Rule 26 Expert Report." Defendant also moves to exclude Mr. Teplitzky's testimony as to plaintiff George W. Lyons' contract and CUTPA claims (Fourth and Fifth Counts) for the asserted reason that "Mr. Teplitzky's Expert Report is unreliable." Def.Motion 1-2.

Defendant's motion should be denied for the following reasons:

A.   Mr. Teplitzky's Trial Testimony Regarding Fraud Damages Will Be Consistent With The Rule 26 Expert Report.

Defendant's expressed concern that, as to the fraud counts, Mr. Teplitzky's testimony will go beyond this disclosure is unfounded.

The fraud damages will be calculated by determining the difference between (a) the valuation plaintiffs actually placed upon their Bilco shares, based upon the overstated patent pool liability, and (b) the appropriate valuation of the patent liability, had defendant disclosed the material information allegedly withheld.

Mr. Teplitzky's expert report opined as to item (b), and his trial testimony concerning the fraud damages will be limited to this item.[1]

B.  In Asserting That Mr. Teplitzky's Calculation Of Damages For The Contract And CUTPA Claims Is Unreliable, Defendant Misstates What Is Being Valued.

Defendant criticizes Mr. Teplitzky's calculation of George W. Lyons, Jr.'s damages, contending that it is predicated on a discount rate less than that applied to the shares of Blue Chip companies.  Def.Motion 6-9.  Defendant's argument carries with it the implicit assumption that the valuation of a royalty stream is equivalent to the valuation of a shareholder interest in a corporation.

Defendant's motion offers nothing to substantiate this assumption, and, on its face, it is flawed.  The royalty payments were paid from sales revenues at a rate of 5%.  The entitlement to royalties was not dependent on any expenses of Bilco, or impacted by its profitability.

Conversely, valuation of a shareholder interest in a corporation (Blue Chip or otherwise) is determined based upon the corporation's projected earnings, i.e.

---

[1] Evidence about item (a) will come from the plaintiffs.  The ultimate damage calculation is the mathematical result of subtracting item (b) from item (a).

2

by how much will its revenues exceed its expenses. Bottom line profitability clearly carries more risk than an "above the line" calculation of royalties as a percentage of revenues.

Predicated on this flawed analysis, defendant's argument should be rejected.

### C. Mr. Teplitzky's Assumption Concerning The Elimination Of Products From The Patent Pool Is Consistent With The Evidence.

Mr. Teplitzky's calculation of damages under the breach of contract and CUTPA counts was based upon the stream of royalty income George W. Lyons, Jr. would receive from the sale of Bilco products that utilized the invention encompassed by Bilclip patent.

Defendant seeks to exclude Mr. Teplitzky's testimony for the asserted reason that his analysis fails to account for potential product redesign. Def.Motion 9-17.

The evidentiary record, however, fully supports Mr. Teplitzky's analysis. Specifically, there is no evidence of any plan or intention by defendant to eliminate the use of the Bilclip patent for legitimate business reasons.[2] Moreover, the patent does not expire until the end of the term of the patent pool agreement, and, until the events giving rise to this lawsuit, defendant never in its history removed any product from the patent pool under circumstances

---

[2] The fact that there may have been a risk of redesign for legitimate reasons as to other products encompassed by the patent pool has no significance here, since Mr. Teplitzky's damages calculation is based solely on the royalties flowing from the products that encompassed the Bilclip patent.

3

approaching those here.

Defendant certainly is free to cross-examine Mr. Teplitzky about the assumptions inherent in his analysis, and the jury will reach the conclusions it deems appropriate. However, defendant falls far short of establishing that Mr. Teplitzky's testimony should be excluded.

## Conclusion

For these reasons, therefore, defendant's Motion In Limine To Exclude The Testimony Of Plaintiffs' Expert Witness Joshua Teplitzky, JD, CPA, should be denied.

*[signature]*

Robert A. Harris (ct#06759)

Zeldes, Needle & Cooper
A Professional Corporation
1000 Lafayette Boulevard
Bridgeport, CT 06604
Telephone: (203) 333-9441
E-Mail: rharris@znclaw.com

Attorneys for Plaintiffs

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via Federal Express to the following parties of record:

Maurice T. FitzMaurice, Esq.
Fed. Bar. No. ct04302
REID AND RIEGE, P.C.
One Financial Plaza
Hartford, CT 06103-3185
Ph. (860) 278-1150

Dated at Bridgeport, Connecticut this 7th day of July 2004.

_____
Robert A. Harris