UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

George W. Lyons, Jr., Alicia L. Sturgess,
Mark C. Lyons, Chad M. Lyons,
Daria L. O'Connor, Kent C. Lyons,
M. Natica Lyons, M. Elizabeth L. Powers,
William C. Lyons, Jr., Timothy P. Lyons,
Mark C. Lyons, Trustee of the
George W. Lyons, Jr. Family Trust

v.

The Bilco Company

: Civil Action No: 3:01 CV1106 (RNC)

: July 7, 2004

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY RELATED TO
PLAINTIFF'S BREACH OF CONTRACT AND CUTPA CLAIMS**

Although couched as a motion in limine to exclude testimony, defendant's motion effectively seeks dismissal of the Fourth and Fifth Counts of the complaint for the reason that, as a matter of law, defendant cannot be held liable to George W. Lyons, Jr. for breach of contract and/or CUTPA, even if the evidence demonstrates that defendant made insubstantial, trivial and/or cosmetic changes to the technology in the Bilclip patent for the express purpose of defeating its royalty obligations to Mr. Lyons.

Defendant predicates its motion on the following:

1.   an assertion that "the implied covenant of good faith and fair dealing does not trump clear contractual language," which is a resurrection of the same argument it unsuccessfully asserted in its November 22, 2002 motion for summary judgment (Def. Motion 5-8); and

2.  an assertion that Mr. Lyons' claims are preempted by the patent law of equivalents, under which plaintiff is required to prove infringement Def.Motion 9-17).

Defendant's motion should be denied for the following reasons:

I.  THE COURT PREVIOUSLY DETERMINED THAT PLAINTIFF GEORGE W. LYONS, JR.'S CLAIMS FOR BREACH OF CONTRACT AND CUTPA ARE LEGALLY VIABLE, AND THEREFORE PLAINTIFF IS ENTITLED TO INTRODUCE EVIDENCE IN SUPPORT OF THOSE CLAIMS.

The legal viability of the claims for breach of contract (Fourth Count) and CUTPA (Fifth Count) was previously briefed and argued in connection with defendant's motion for summary judgment. See, Defendant's November 22, 2002 Memorandum of Law, pp. 3, 35-38.

In its September 30, 2003 Ruling and Order, the Court held that, based on the record before the Court, the language of the patent pool agreement did not bar plaintiff's claims as a matter of law. Ruling and Order, pp. 8-9. In fact, the Court specifically referenced the relevance of the anticipated testimony of George W. Lyons, Jr. on the issue of the parties' contractual intentions, testimony that defendant now seeks to block by its motion in limine.

Given the Court's previous ruling, defendant's motion to preclude the introduction of evidence necessary to prove the Fourth and Fifth Counts is not well-founded, and should be denied.

II.     DEFENDANT INACCURATELY CHARACTERIZES THIS ACTION AS ONE FOR PATENT INFRINGEMENT.

Defendant argues that federal patent law preempts George W. Lyons, Jr.'s claims for breach of contract and CUTPA. Def.Motion 9-14. Defendant's motion suffers from multiple defects. First, it is predicated upon the demonstrably inaccurate assumption that George W. Lyons has "patent protection…for the Bilclip Patent," Def.Motion 10. Based upon this assumption, defendant contends that Mr. Lyons improperly "urges the Court to extend protection to him beyond the protection conferred by federal patent law." Def.Motion 11.

Contrary to defendant's assertion, however, Mr. Lyons has no patent protection for the Bilclip patent. On September 29, 1992, he assigned, transferred and conveyed to Bilco, "without reservation," "the entire right, title and interest in and to [the Bilclip patent]." Tab A.

Consequently, George W. Lyons, Jr. has no protection under federal patent law, because, "in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales*, 315 F.3d 1304 (Fed. Cir. 2003), citing *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed.Cir. 2001) (holding that the appellant did not have standing, because he had already assigned title to the patent at the inception of the lawsuit); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) (holding that a licensee lacked standing where there was no written transfer of rights under the patent at the time the infringement claims were

brought); *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) (holding that an assignor lacked standing, because it had not succeeded in rescinding or canceling its assignment in state court at the time it filed its complaint in federal court); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 778 (Fed. Cir. 1996) (holding that the plaintiff's patent and trademark infringement claims were required to be dismissed for lack of standing, because of its "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed"), *as amended on rehearing on different grounds*, 104 F.3d 1296 (Fed. Cir. 1996).

Since plaintiff has no rights under federal patent law, the necessary implication of defendant's preemption argument is that plaintiff can assert no claim alleging an unlawful redesign, and that defendant can breach the patent pool agreement with impunity. Our legal system requires no such draconian or unfair result, and George W. Lyons, Jr. undeniably may bring claims for breach of contract and CUTPA even though he has no standing to assert a claim for patent infringement. *Jim Arnold Corp. v. Hydrotech Sys., Inc., supra,* 109 F.3d at 1572 ("[i]t is well settled that if the patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one 'arising under' the patent laws") (citations omitted).

Moreover, even if George W. Lyons, Jr. could assert a claim under patent law, he would not be preempted from also pursuing claims for breach of contract and CUTPA. Defendant itself acknowledges that federal patent law will preempt state law only "where the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' under patent law." Def.Motion 9.

According to defendant, "the objectives of federal patent law are to 'foster and reward invention, stimulate further invention, and ensure full use of ideas in the public domain.'" Def.Motion 10.  See also, Def.Motion 11 ("[t]he reward to patent holders…is plainly secondary to the public good of fostering invention and innovation" and that "'[public policy] forbids the use of the patent to secure an exclusive right or limited monopoly not granted by the Patent Office'") (citations omitted).

However, defendant cannot credibly argue that its removal of the Pak-Rope—the only factor that defendant contends makes its version of the Bilclip non-infringing—had anything to do with fostering product invention and innovation.  Bilco's actions, as admitted by its executives, were undertaken for the purpose of seeking a way to avoid contractual royalty obligations.

Under such circumstances, the United States Supreme Court has made clear that state law claims are not preempted by federal patent law. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470 (1974).  In finding no conflict between the purposes of federal patent law and state trade secrets law, the Court significantly observed that "[t]he maintenance of standards of commercial ethics and the encouragement of invention are the broadly stated policies behind trade secret law. 'The necessity of good faith and honest, fair dealing, is the very life and spirit of the commercial world.'" *Id.* (citation omitted).  As the Court further observed, one cannot invoke preemption in order to "destroy the value of the discovery to one who makes it, or advantage the competitor who by unfair means, or as the beneficiary of a broken faith, obtains the desired knowledge without himself paying the price in labor, money, or machines expended by

the discoverer." *Id.* (citation omitted).  *See also, e.g., Bowers v. Baystate Technologies, Inc.,* 320 F.3d 1317, 1323-34 (2003), *cert denied,* 539 U.S. 928, 123 S.Ct. 2588, 156 L.Ed.2d 606 (2003) (federal copyright act does not preempt claims for breach of contract).

## Conclusion

For these reasons, therefore, defendant's Motion In Limine To Exclude Certain Testimony Related To Plaintiff's Breach Of Contract And CUTPA Claims should be denied.

Respectfully submitted,

Robert A. Harris (ct#06759)

Zeldes, Needle & Cooper
A Professional Corporation
1000 Lafayette Boulevard
Bridgeport, CT  06604
Telephone:  (203) 333-9441
E-Mail: rharris@znclaw.com

Attorneys for Plaintiffs

Exhibit A

## ASSIGNMENT

Whereas, I, George W. Lyons, Jr., who reside at P. O. Box 892, 29 West Middle Beach Road, Madison, Connecticut 06443, have made certain inventions and discoveries set forth in an application for Letters Patent of the United States of America entitled ROOFING MEMBRANE FLASHING, which application was executed by me on the 16th day of July, 19 91, and is identified by DeLio & Associates Docket No. BIL11700.

Whereas, The Bilco Company, a Connecticut corporation, whose address is 33 Water Street, West Haven, Connecticut, together with its successors and assigns is hereinafter called "Assignee", is desirous of acquiring the title, right, benefits and privileges hereinafter recited:

Now, Therefore, for valuable consideration furnished by Assignee to me, the receipt and sufficiency of which I hereby acknowledge, I hereby, without reservation:

1. Assign, transfer and convey to Assignee the entire right, title and interest in and to said inventions and discoveries, said application for Letters Patent of the United States of America, any and all other applications for Letters Patent on said inventions and discoveries in whatsoever countries, including all divisional, renewal, substitute, continuation and Convention applications based in whole or in part upon said inventions or discoveries, or upon said applications, and any and all Letters Patent and reissues and extensions of Letters Patent granted for said inventions and discoveries or upon said applications, and every priority right that is or may be predicated upon or arise from said inventions, said discoveries, said applications and said Letters Patent;

2. Authorize Assignee to file patent applications in any or all countries on any or all of said inventions and discoveries in my name or in the name of Assignee or otherwise as Assignee may deem advisable, under the International Convention or otherwise;

3. Authorize and request the Commissioner of Patents of the United States of America and the empowered officials of all other governments to issue or transfer all said Letters Patent to Assignee, as assignee of the entire right, title and interest therein or otherwise as Assignee may direct;

4. Warrant that I have not knowingly conveyed to others any right in said inventions, discoveries, applications or patents or any license to use the same or to make, use or sell anything embodying or utilizing any of said inventions or discoveries; and that I have good right to assign the same to Assignee without encumbrance;

PLAINTIFF'S EXHIBIT 14

-2-

5. Bind my heirs, legal representatives and assigns, as well as myself, to do, upon Assignee's request and at its expense, but without additional consideration to me or them, all acts reasonably serving to assure that the said inventions and discoveries, the said patent applications and the said Letters Patent shall be held and enjoyed by Assignee as fully and entirely as the same could have been held and enjoyed by me, my heirs, legal representatives and assigns if this assignment had not been made; and particularly to execute and deliver to Assignee all lawful application documents including petitions, specifications, and oaths, and all assignments, disclaimers, and lawful affidavits in form and substance as may be requested by Assignee; to communicate to Assignee all facts known to me relating to said inventions and discoveries or the history thereof; and to furnish Assignee with any and all documents, photographs, models, samples and other physical exhibits in my control or in the control of my heirs, legal representatives or assigns and which may be useful for establishing the facts of my conceptions, disclosures, and reduction to practice of said inventions and discoveries.

In testimony of which I have signed my name below, this _____ day of _____SEPT 29_____, 19_92_.

_____
George W. Lyons, Jr.

STATE OF _Connecticut_ )
                        ) ss:
COUNTY OF _New Haven_   )

On this _29th_ day of _September_, 19_92_, before me appeared George W. Lyons, Jr., to me known and known to me to be the person described in and who executed the foregoing instrument and he acknowledged the same to be his free act and deed.

_____
Notary Public

(SEAL)

SANDRA BLAKE
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MARCH 31, 19_94_

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via Federal Express, to the following parties of record:

Maurice T. FitzMaurice, Esq.
Fed. Bar. No. ct04302
REID AND RIEGE, P.C.
One Financial Street
Hartford, CT 06103
Ph. (860) 278-1150

Dated at Bridgeport, Connecticut this 7th day of July 2004.

_____
Robert A. Harris