UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

George W. Lyons, Jr., Alicia L. Sturgess,  :
Mark C. Lyons, Chad M. Lyons,  :  Civil Action No:
Daria L. O'Connor, Kent C. Lyons,  :  3:01 CV1106 (RNC)
M. Natica Lyons, M. Elizabeth L. Powers,  :
William C. Lyons, Jr., Timothy P. Lyons,  :
Mark C. Lyons, Trustee of the  :
George W. Lyons, Jr. Family Trust  :
:
v.  :
:
The Bilco Company  :  JULY 9, 2004

### DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF (1) OTHER LAWSUITS BROUGHT BY PLAINTIFFS AGAINST FAMILY MEMBERS, AND (2) OTHER PATENT POOL MEMBERS' DECISION NOT TO FILE SUIT AS YET

**I.   Introduction**

Plaintiffs have moved to exclude all evidence pertaining to four other lawsuits involving several of the parties in this action on the basis that they have "no connection" to this case and would serve only to portray Plaintiffs as litigious. Of those four actions, however, Bilco will seek to offer at trial evidence of only two:

(1)   *William Lyons, Jr. et al. v. Fairfax Properties, Inc. et al.*, X06-CV-01-0169486-S (Conn. Super. Ct., Jud. Dist. Waterbury) (hereinafter referred to as "the Dissolution Action") (Ex. 1); and

    (2)    *William Lyons, Jr. v. Fairfax Properties, Inc., et al.*, 3:01CV01355 (JBA) (U.S. Dist. Ct., D. Conn.) (hereinafter referred to as "the Pension Action") (Ex. 3).

Contrary to Plaintiffs' contention, those actions are directly connected to this action. Like this suit, they were commenced by certain of the Plaintiffs against their family members or entities owned or controlled by their family members arising out of disputes surrounding the June 21, 1999 Settlement and Reorganization Agreement ("1999 Agreement").

In the Dissolution and Pension Actions, the court made specific findings that the Plaintiffs' claims were frivolous, "manufactured," made in bad faith, or were baseless. Bilco intends to use these actions in this case to impeach the credibility of certain of the Plaintiffs as to their claims of ignorance prior to the 1999 Agreement of Bilco's product redesigns and of the 1998 patent applications. That certain of the Plaintiffs have made frivolous or baseless claims in the past against family members and family-controlled entities, including Bilco, bears directly upon their credibility in this case.

Plaintiffs also have moved to exclude the testimony of William Lyons, Sr. as to why he did not join his brother and fellow Patent Pool owner, Plaintiff George Lyons, Jr., in his claims against Bilco in this action.[1] As discussed below, William Lyons, Sr. will testify that,

---

[1] Plaintiffs have moved to exclude the testimony of any Patent Pool member or any former Bilco shareholder as to why they did not file suit against Bilco alleging the same claims made by the Plaintiffs here. Bilco, however, has

contrary to Plaintiffs' allegations, Bilco's action were not made in bad faith.  Accordingly, his testimony is directly relevant to the claims and defenses in this action and should be admitted.

## II. <u>Prior Frivolous or Baseless Claims</u>

### A. <u>The Dissolution Action</u>

The Dissolution Action arose from a struggle among the Settling Shareholders—all members of the Lyons family—for control of Fairfax Properties, Inc. ("Fairfax"), Bilco's former real estate venture spun-off from the company as a result of the 1999 Agreement. The dispute among the Settling Shareholders involved, among other things, the size of the Fairfax board of directors and who among the Settling Shareholders would be on it.  The dispute began even before the 1999 Agreement was executed.  (*See* Ex. 4).

After the Settling Shareholders agreed on a seven-member board, they could not agree on the appointment of the seventh, independent member.  Thus, on June 11, 2001, Plaintiffs William Lyons, Jr., Timothy Lyons, Mark Lyons, and Daria Lyons O'Connor sued Fairfax, William Lyons, Sr. and Christopher Lyons alleging breach of contract, violations of

---

only disclosed William Lyons, Sr. as a potential witness in this regard. Accordingly, this Objection will be directed solely to William Lyons, Sr.'s proposed testimony.

RICO, and seeking the removal of the defendant board members. (Ex. 1).[2] The plaintiffs later amended their complaint removing the RICO count and adding an equitable claim for dissolution, alleging that the Fairfax board of directors were at a stalemate as to the appointment of a seventh director. (Ex. 1). The plaintiffs claimed, *inter alia*, that the controlling directors had acted "illegally, oppressively and/or *fraudulently*" in failing to agree on a seventh board member and that dissolution and placement of the company in receivership was the only option. (Ex. 1) (emphasis added).

The Connecticut Superior Court denied the plaintiffs equitable dissolution because it found that they had acted in bad faith and with unclean hands in their dealings with their fellow directors and family members. 2002 Conn. Super. LEXIS 3769 (Conn. Super. Ct., Nov. 25, 2002) (McWeeny, J.) (Ex. 5). The court noted that Plaintiffs William Lyons, Jr. and Mark Lyons, two "educated and highly skilled" individuals, have nothing better to do than to devote themselves full-time to litigation against family members:

> William Lyons, Jr. now devotes himself to litigation against his family members, former employer, former lawyer, and others. Mark Lyons, a similarly educated young man with business experience, now devotes himself

---

[2] The Dissolution Action was the second iteration of suits seeking the removal of Chris Lyons and William Lyons, Sr. as Fairfax directors. The first action was commenced on January 25, 2000 by Fairfax and Plaintiffs Mark Lyons and Daria Lyons O'Connor. (Ex. 2); *See* Plaintiffs' Motion in Limine, June 22, 2004, at 1. That action apparently languished without ever having been litigated to resolution, but likely was superceded by the Dissolution Action.

4

>full-time to managing the litigation of his family, primarily involving claims against other relatives and their business entities.

*Id.* at *8-9.

The court not only found that these Plaintiffs were devoted to suing family members, but also found that their claims were made in bad faith:

>The only stalemate that [the plaintiffs] can point to is the board's inability to appoint a seventh director, which indecision is precipitated by the plaintiffs' own refusal to accept anyone as a seventh director, including their nominee, because of their desire to force the dissolution of the corporation. The claimed oppression can be more fairly characterized as a 'not unreasonable response' of the defendants to the plaintiffs' belligerence and bad faith.

*Id.* at *13.

>It is wrongful for the plaintiffs . . . to *manufacture problems* which are designed to frustrate the will of the majority of the enterprise for the benefit of the minority.

*Id.* at *15 (emphasis added). The court concluded:

>Having examined the conduct of the plaintiffs with respect to the governance of Fairfax, *the court finds that the plaintiff's conduct is wrongful and applies the equitable doctrine of unclean hands to deny the plaintiffs the benefit of equity.*

*Id.* at *18-19. Thus, the court found that the Plaintiffs' claims in the Dissolution Action to have been manufactured, lacking in merit, and filed in bad faith.

### B.      The Pension Action

On June 21, 2001, the two-year anniversary of the 1999 Agreement, Plaintiff William Lyons, Jr. ("William Jr.") sued Fairfax, his father William Lyons, Sr. and Bilco alleging that the defendants had failed to take the necessary steps to permit a transfer of his Bilco pension assets to a qualified defined benefit plan which, he alleged, was required by the terms of the 1999 Agreement. (Ex. 3). William Jr. also sued his former attorney, Mario Zangari, alleging legal malpractice. (Ex. 3).

Bilco and William Jr. cross-moved for summary judgment. *Lyons v. Fairfax Properties, Inc.*, 285 F. Supp.2d 125 (D. Conn.) (Ex. 6). In granting Bilco's motion, and denying William Jr.'s, the District Court found that:

(1)   William Jr. "did not attempt to address" in his summary judgment papers his claims in Count Two of his amended complaint, the only count directed to Bilco; and

(2)   William Jr.'s "new theory," raised for the first time in his cross-motion for summary judgment as to why Bilco was required to distribute his pension assets, was baseless.

*Id.* at 127, 129, & n.5. William Jr. thus abandoned completely the only theory of recovery against Bilco alleged in his Amended Complaint in favor of a baseless theory in his summary judgment papers. Like the court in the Dissolution Action, the District Court in the Pension Action found that William Jr.'s claims lacked any support in law or fact.

6

The District Court also dismissed William Jr.'s claims against Fairfax and his father because they were baseless:

> In light of plaintiff's . . . lack of identification of any written document that could reasonably be interpreted as obligating Fairfax or Lyons, Sr. to create a defined benefit plan for plaintiff, *the Court finds no basis* remaining for the claims against either Fairfax or Lyons, Sr.

2002 U.S. Dist. LEXIS 17614, *10 (D. Conn., July 12, 2002) (Ex. 7).

The District Court also summarily dismissed the claims against Attorney Zangari on the basis that William Jr. did not present any evidence of financial loss as a result of the failure to transfer his pension assets. 2004 U.S. Dist. LEXIS 5523 (D. Conn., Mar. 31, 2004) (Ex. 8). In granting Attorney Zangari summary judgment, the court found that:

> Lyons *has put forward no evidence* as to any lost opportunity damages, and *appears to claim no damages* based on what Lyons 'could have done with the funds had they been transferred as he expected.'

*Id.* at *10 (emphasis added). The court held that:

> As Lyons has failed to designate an expert, or *to propose any basis* for showing any financial damages for which a jury could compensate him, he cannot establish an essential element of his claim of legal malpractice.

*Id.* at *12 (emphasis added).

Thus, in the Pension Action, William Jr.'s separate claims against four defendants were found to be baseless.

7

### III. Law and Argument

Bilco's intended use of Plaintiffs' prior frivolous lawsuits as a basis of impeachment implicates Federal Rule of Evidence ("FRE") 404(b). FRE 404(b) generally excludes evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." The general prohibition of Rule 404(b), however, yields where the evidence is offered "for other purposes," such as to impeach the credibility of a witness or to show bias or motive. *See* FRE 404(b); *United States v. Abel*, 469 U.S. 45, 49-51 (1984) (evidence of bias admissible to impeach); *Outley v. City of New York*, 837 F.2d 587, 593 (2d Cir. 1988) ("Impeachment has been recognized as one of the 'other purposes' for which evidence of prior acts may be admissible.").

"The trial judge is given broad discretion in making rulings under [FRE] . . . 404(b)." *United States v. Gilan*, 967 F.2d 776, 780 (2nd Cir. 1992). There are four factors guiding that discretion: (1) whether the evidence is offered for a proper purpose under 404(b), such as evidence of bias or motive; (2) whether the evidence is relevant to an issue in the case; (3) whether the evidence satisfies the probative vs. prejudicial balancing test of FRE 402; and (4) if the evidence is admissible, the court must provide a limiting instruction if requested. *Id.* at 780; *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

The Second Circuit follows an "inclusionary rule," whereby evidence of prior suits may be admitted for any purpose other than to show a party's propensity "as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *United States v. Inserra*, 34 F.3d 83, 89 (2nd Cir. 1994); *See Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp.2d 236, 250 (W.D.N.Y. 2003). Where the evidence tends to show something other than the plaintiff's propensity to sue, such as the credibility of the plaintiff's claims or the plaintiff's vindictiveness towards a class of defendants, the prior actions are offered for a proper purpose. *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 496 (7th Cir. 1998) (evidence of prior suits against employers admissible to show vindictiveness and the plaintiff's "*modus operandi* of creating fraudulent documents in anticipation of litigation").

In *Outley v. City of New York*, a case cited by the Plaintiffs, the Second Circuit held that a passing reference to four earlier lawsuits brought by the plaintiff against the defendant without any evidence that the plaintiff had filed fraudulent *in forma pauperis* applications in those actions was "an improper commentary on [the plaintiff's] litigiousness" under FRE 404(b). *Outley*, 837 F.2d 587, 593 (2nd Cir. 1988). The Second Circuit, however, distinguished the facts in *Outley* from

9

> a case where a party has filed a series of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern.

*Id.* at 594; *Compare Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1227-28 (10th Cir. 2000) (reference to other suits against family members inadmissible where defendants could not show suits were frivolous). The Second Circuit held that where "the particular details of each action, *and the extent to which the bringing of each action was justified*" is before the jury, the prior lawsuits may be probative of bias. *Outley, supra*, at 594-95. Thus, where there is substantial evidence that the prior suits were fraudulent and such evidence can be presented to the jury, they may be used under FRE 404(b) to impeach the witness. *See Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (citing *Outley* for the proposition that such "evidence admissible only to show that previous claims were fraudulent").

Essential to Plaintiffs' fraud claims is their allegation that they did not know, prior to the 1999 Agreement, of Bilco's product redesign or of the 1998 patent applications. Thus, Plaintiffs must offer testimony and evidence at trial in support of this claim.

Plaintiffs have identified that Mark Lyons, William Lyons, Jr., and Daria Lyons O'Connor may testify as witnesses in this case.[3] *See* Joint Trial Memorandum at 32, 34. If

---

[3] Bilco also has subpoenaed each of these Plaintiffs for trial.

these Plaintiffs testify, Bilco intends to impeach the credibility of their claims of ignorance by showing that they are biased against Bilco and by questioning their motives for bringing this suit. Under FRE 404(b), and the Second Circuit's holding in *Outley, supra*, the claims and disposition in the Dissolution Action and Pension Action are admissible for these purposes because, in each case, the court made findings that the Plaintiffs' claims were either baseless, "manufactured," lacking in merit, or brought in bad faith;[4] in other words, that they were fraudulent. Accordingly, evidence of these other actions should be admitted.

Plaintiffs also allege that William Lyons, Sr.'s expected testimony as to why he did not sue Bilco in this case is irrelevant. Plaintiff George Lyons, Jr., however, has alleged that Bilco acted in bad faith in designing products to avoid paying him royalties under the Patent Pool Agreement. Bilco is entitled to rebut any evidence of bad faith with evidence that it did nothing wrong.

William Lyons, Sr. will testify that he did not sue Bilco along with his brother because he believed that the Patent Pool Agreement and its amendments permit Bilco to redesign products for the purpose of reducing royalty payments and, therefore, that Bilco did not act in bad faith in doing so. Such testimony relates directly to the claims and defenses

---

[4] The Second Circuit in *Outley* did not explain what constitutes "substantial evidence" of fraudulent claims for purposes of admissibility under FRE 404(b). It is submitted, however, that judicial findings of bad faith satisfy that

made in this action and, therefore, is relevant. FRE 401; 402. Accordingly, William Lyons, Sr.'s testimony is admissible.

## IV.   Conclusion

For all of the foregoing reasons, Bilco's proffered evidence should be admitted in its entirety.

**DEFENDANT**
**THE BILCO COMPANY**

By *[signature]*
Peter K. Ryder
Fed. I.D. # ct24793
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103
Tel: (860) 278-1150
Fax: (860) 240-1002
Its Attorneys

---

requirement.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July 2004, a copy of the foregoing was sent via first class mail, postage prepaid, to the following:

*Attorney for Plaintiffs*
Robert A. Harris, Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport CT 06604

_____
Peter K. Rydel