UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| George W. Lyons, Jr., Alicia L. Sturgess, | : | |
| Mark C. Lyons, Chad M. Lyons, | : | Civil Action No: |
| Daria L. O'Connor, Kent C. Lyons, | : | 3:01 CV1106 (RNC) |
| M. Natica Lyons, M. Elizabeth L. Powers, | : | |
| William C. Lyons, Jr., Timothy P. Lyons, | : | |
| Mark C. Lyons, Trustee of the | : | |
| George W. Lyons, Jr. Family Trust | : | |
| | : | |
| v. | : | |
| | : | |
| The Bilco Company | : | JULY 12, 2004 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE ALL TESTIMONY
RELATED TO U.S. PATENT # 5,960,596**

Defendant The Bilco Company ("Bilco") respectfully submits this Reply Memorandum of Law in Support of its Motion in Limine to Exclude all Testimony Related to U.S. Patent # 5,960,596 (the "'596 Patent). Bilco moved to exclude all testimony related to the '596 Patent because Plaintiffs have admitted that it did not cause them any harm under the first three counts of their Complaint. Pls.' Mem. Law, at 1.

In their Opposition Memorandum of Law, Plaintiffs argue that testimony related to the '596 Patent is relevant to this case because Bilco's development and use of the '596 Patent

00961.000/364340.1

is probative of its intent to redesign products for the sole purpose of reducing royalty payments. Pls.' Mem. Law, at 2. This argument, however, requires Plaintiffs to prove that, through the '596 Patent, Bilco tried, but failed to reduce royalty payments.

Contrary to Plaintiffs' contention, however, there is no evidence that Bilco ever designed and intended the '596 Patent to reduce royalty payments. Plaintiffs point to the deposition testimony of Roger Joyce and Robert Lyons, Sr. as evidence that Bilco intended the '596 Patent to eliminate royalty payments on the use of George Lyons, Jr.'s "Pak-Rope" patent. Pls.' Mem. Law, at 1. That same testimony, however, reflects that Bilco knew that as long as a Bilco product employed the Pak-Rope filler material—which the '596 Patent did—Bilco would still owe royalties. *See* Pls.' Mem. Law, Exh. 1, at 110-111.

While Bilco generally may have been seeking a way to reduce royalty payments through product redesign, there is no evidence that Bilco sought to do so through the '596 Patent. This, coupled with the fact that Plaintiffs have admitted that they were not harmed by the '596 Patent, renders any testimony related to it irrelevant and, thus, inadmissible.

        **DEFENDANT**
        **THE BILCO COMPANY**


By   /s/ Peter K. Rydel
     Peter K. Rydel
     Fed. I.D. # ct24793
     Reid and Riege, P.C.
     One Financial Plaza
     Hartford, CT 06103
     Tel: (860) 278-1150
     Fax: (860) 240-1002
     Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2004, a copy of the foregoing was sent by electronic mail and by overnight mail, to the following:

*Attorney for Plaintiffs*
Robert A. Harris, Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport CT 06604

        /s/ Peter K. Rydel
        Peter K. Rydel

00961.000/364340.1