UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| George W. Lyons, Jr., Alicia L. Sturgess, : | |
| Mark C. Lyons, Chad M. Lyons, : | Civil Action No: |
| Daria L. O'Connor, Kent C. Lyons, : | 3:01 CV1106 (RNC) |
| M. Natica Lyons, M. Elizabeth L. Powers, : | |
| William C. Lyons, Jr., Timothy P. Lyons, : | |
| Mark C. Lyons, Trustee of the : | |
| George W. Lyons, Jr. Family Trust : | |
| : | |
| v. : | |
| : | |
| The Bilco Company : | JULY 12 2004 |

**<u>DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE THE TESTIMONY OF
PLAINTIFFS' EXPERT WITNESS JOSHUA TEPLITZKY, JD, CPA</u>**

Defendant The Bilco Company ("Bilco") respectfully submits this Reply Memorandum of Law in Support of its Motion in Limine to Exlude the Testimony of Plaintiffs' Expert Witness Joshua Teplitzky, JD, CPA ("Motion") in order to address certain issues raised by Plaintiffs in their Memorandum of Law in Opposition to Bilco's Motion, dated July 7, 2004.

In its Motion, Bilco moved to exclude Mr. Teplitzky's expert testimony and Rule 26 Expert Report on two grounds: (i) any testimony as to the amount of Plaintiffs' fraud

damages under the first three counts of the Complaint is beyond the scope of Mr. Teplitzky's Expert Report; and (ii) Mr. Teplitzky's valuation of Bilco's Patent Pool liability, a fundamental element of Plaintiff George Lyons, Jr.'s case, is patently unreliable.  As discussed below, contrary to Plaintiffs' contentions in their Opposition Memorandum of Law, (i) Mr. Teplitzky's Expert Report offers no analysis of Plaintiffs' fraud damages; and (ii) Mr. Teplitzky's valuation of Bilco's Patent Pool liability is inherently unreliable.

I. **Mr. Teplitzky's Expert Report Offers No Opinion as to the Amount of Plaintiffs' Fraud Damages**

In their Opposition Memorandum, Plaintiffs contend that Mr. Teplitzky will be able to testify at trial as to the amount of Plaintiffs' fraud damages because such testimony is consistent with his Rule 26 Expert Report.  Plaintiffs' Memorandum of Law, however, does not address the real problem that plagues their fraud case. The scope of Mr. Teplitzky's Expert Report is defined on page 1:

> You have requested our opinion as to the value of The Bilco Company (Bilco) Royalty Agreement, as determined by Duff & Phelps and Management Planning, Inc. based on certain adjustments to the anticipated royalty payments.

Plaintffs' Expert Report, at 1.  In his report, Mr. Teplitzky limited the purpose for which the report could be used to the valuation of Bilco's liability to the Patent Pool:

    4.    The various estimates of value presented in this report apply to this valuation only and may not be used out of the context presented herein. This valuation is valid only for the purpose or purposes specified herein.

*Id.* at 8.

A review of the Teplitzky Expert report will disclose that he did not purport to value Bilco, to value the Bilco shares, to value Fairfax, or to value the Fairfax shares. A person who reads the Teplitzky Expert Report cannot find any evidence that Plaintiffs' expert placed a value on Plaintiffs' fraud damages using *any* method of appraisal, much less a judicially acceptable method of appraisal. *See Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 154 (1972) (articulating the equation for calculating seller's damages under the Securities and Exchange Act of 1934); *Levine v. Seilon*, 439 F.2d 328, 334 (2nd Cir. 1971) (same); *Morrell v. Wiley*, 119 Conn. 578, 585 (1935) (same, under common law fraud).

Plaintiffs suggest that the omission of the underlying analysis and the omission of an expression of any opinion on fraud damages can be cured by a calculation which is disclosed in a brief filed within one week of trial. Bilco does not agree that Plaintiffs' proposed mathematical equation would solve the problem and provide the basis for any expression of a

judicially acceptable opinion.[1]  But, even if it would, this type of late disclosure is forbidden. *See* Fed.R.Civ.Proc. 26(a)(2)(B).

## II. Plaintiffs Fail to Address the Bases for Bilco's Motion to Exclude Mr. Teplitzky's Testimony as to the Patent Pool Valuation

Bilco has moved to exclude Mr. Teplitzky's testimony as to his valuation of Bilco's Patent Pool and Plaintiff George Lyons, Jr.'s damages on two grounds: (a) Mr. Teplitzky employed discount and capitalization rates that reflect the risk associated with an investment in the Bilco Patent Pool as less than an investment in a Blue-Chip company; and (b) Mr. Teplitzky failed to account in his valuation for known risks to the Patent Pool's value. Motion, at 6-17.  As discussed below, Plaintiffs' responses to each of these arguments fail to address these issues and serve only to cloud the fundamental problems with their expert's analysis.

As to Bilco's first argument, Plaintiffs respond by arguing that

> Defendant's argument carries with it the implicit assumption that the valuation of a royalty stream is equivalent to the valuation of a shareholder interest in a corporation.

---

[1] Plaintiffs's mathematical equation for calculating their fraud damages is a misstatement of the law.  *Compare* Pls.' Mem. Law, at 2 *and* cases cited above.  The "appropriate valuation of the patent liabilty" is not part of the equation. Rather, the difference between what Plaintiffs actually received for their Bilco shares on June 21, 1999 and what they would have received in the absence of any fraud is the judicially recognized equation.

Pls.' Mem. Law, at 2. Contrary to Plaintiffs' contention, however, the whole point of Bilco's position is that the value of a royalty stream, and the risks associated with that stream, *are not* equivalent to the value of a shareholder's interest in a large-cap, Blue-Chip company. Rather, they are vastly different, and in this way: an investment risk in a Patent Pool of a company the size of Bilco should be much greater than the purchase of corporate stocks or bonds in a company such as IBM or General Motors. Motion, at 6-9.

Mr. Teplitzky's analysis, however, employed discount and capitalization rates that quantified the risk of an investment in the Bilco Patent Pool lower than the risk of an investment in a Blue-Chip company (10% vs. 13.4% in 1999). *Id.* Put another way, Mr. Teplitzky's analysis is akin to a valuation that quantifies the return on an investment tied to political events in Baghdad as less risky than a return on an investment tied to the performance of U.S. Treasury bonds. Such an analysis is inherently unreliable and should not be presented to a jury. *Id*.

As to Bilco's second argument, Plaintiffs do not contend in their Opposition Memorandum that Mr. Teplitzky accounted for certain known risks to the Patent Pool; namely: (i) the historical obsolescence of patents in the Patent Pool; (ii) the risk that Bilco would redesign products for the purpose of reducing royalty payments; and (iii) product enhancement. Pls.' Mem. Law, at 3-4. Rather, Plaintiffs contend that a correct and reliable

valuation of the Patent Pool need account only for risks to the royalty stream based on decisions made "for legitimate business reasons":

> there is no evidence of any plan or intention by defendant to eliminate the use of the Bilclip patent for legitimate business reasons.

*Id.* at 3.

This argument, of course, defies reason as well as the very testimony of their own expert witness. As discussed in Bilco's Motion, Mr. Teplitzky admitted at his deposition that he did not account for any of these factors in valuing the Patent Pool and admitted that, had he considered them, his calculations would change. Def.'s Mem. Law, at 9-13. Whether historical obsolescence, product redesign, or product enhancement are "legitimate business reasons" is immaterial; the fact is that they were risks that admittedly would affect the Patent Pool's value and were not considered by Plaintiffs' expert.

Plaintiffs attempt to summarily dismiss the serious flaws in Mr. Teplitzky's analysis as going to the weight of his testimony, rather than to its admissibility. Pl.s' Mem. Law, at 4 ("Defendant certainly is free to cross-examine Mr. Teplitzky about the assumptions inherent in his analysis, and the jury will reach the conclusions it deems appropriate."). But as the authority cited in Bilco's Memorandum of Law reveals, the failure to consider factors that

6

may effect the outcome of the valuation goes to admissibility and reliability, not credibility.

Def.'s Mem. Law, at 13-16.   Accordingly, Plaintiffs' arguments are without merit.

### III.    Conclusion

For all of the foregoing reasons, Bilco's Motion in Limine directed to the testimony of Plaintiffs' expert witness should be granted.

                                              **DEFENDANT**
                                              **THE BILCO COMPANY**


By   /s/ Peter K. Rydel
      Peter K. Rydel
      Fed. I.D. # ct24793
      Reid and Riege, P.C.
      One Financial Plaza
      Hartford, CT 06103
      Tel: (860) 278-1150
      Fax: (860) 240-1002
      Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2004, a copy of the foregoing was sent by electronic mail and by overnight mail, to the following:

> *Attorney for Plaintiffs*
> Robert A. Harris, Esquire
> Zeldes, Needle & Cooper
> 1000 Lafayette Boulevard
> Bridgeport CT 06604

              /s/ Peter K. Rydel
              Peter K. Rydel

00961.000/364327.1